**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DINO J. SAVOCA,

         Plaintiff,

   - v -              Civ. No. 1:08-CV-887
                     (LEK/RFT)

CLEARVIEW CENTER, INC., *et al.*,

         Defendants.

**APPEARANCES:**         **OF COUNSEL:**

DINO J. SAVOCA
Plaintiff, *Pro se*
P.O. Box 5342
Albany, New York 12205

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

   August 19, 2008, *pro se* Plaintiff Dino Savoca filed a Complaint with the Clerk of the United States District Court against the Clearview Center, Inc., and various individuals alleged to be employed therein. Dkt. No. 1, Compl. He also submitted a Motion for Leave to Proceed *in Forma Pauperis* (IFP). Dkt. No. 2.

   In his Complaint, Savoca complains that after receiving mental health treatment for eighteen years from Clearview Center, a mental health facility located in Albany, New York, administrators threw him out of the therapy program. Savoca asserts that this amounted to negligence and malpractice. While Savaco does not state the specific jurisdictional basis for bringing this action in federal court, opting instead to leave that section of his Complaint blank, we presume in the absence of naming any particular federal statute that he seeks to invoke this Court's diversity

jurisdiction.[1] Compl. at ¶ 1.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiciton *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. at 229; FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

In the "Parties" section of the Complaint, Savaco notes an Albany, New York address for himself[2] <u>and</u> each Defendants, including Clearview Center. Compl. at ¶ 3. For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See*

---

[1] We say this, despite the fact that in filling out the Civil Cover Sheet, Savoca claims that the basis for the Court's jurisdiction is Federal Question and that the nature of the suit is medical malpractice. Dkt. No. 1-2. Savaco did not identify the federal question nor are we able to discern one.

[2] Savaco lists as his mailing address a P.O. Box located in Albany, New York.

*Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).  Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the Complaint, Plaintiff lists the same address for each Defendant: 500 Central Avenue, Albany, NY 12206.  Upon information and belief, this address is the physical location of Clearview. *See* ClearView Center, Inc., website, *located at* http://www.clearviewcenter.com (last visited October 28, 2008).  Plaintiff does not state the citizenship for any party and fails to state where Clearview Center, Inc., is incorporated.  The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n , Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted). Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Plaintiff's Complaint (Dkt. No. 1) be **dismissed** for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE</u>**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: October 28, 2008
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge